UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRISTATE ROOFING INC., a Washington corporation,<br><br>                   Plaintiff,<br>    v.<br><br>ACHTEN'S QUALITY ROOFING & CONSTRUCTION, INC., a Washington corporation,<br><br>                   Defendant. | CASE NO. 3:22-cv-05835-RJB<br><br>ORDER ON MOTION FOR PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff Tristate Roofing Inc.'s ("Tristate") Motion for Preliminary Injunction. Dkt. 3. The Court has considered the pleadings filed in support of and in opposition to the motion, oral argument of counsel on 15 December 2022, and the file herein.

In the pending motion, Tristate moves for an order preliminarily enjoining Achten's Quality Roofing and Construction ("Achten") from using the marks "(i) WE'VE GOT YOU COVERED, (ii) OUR FAMILY HAS YOUR FAMILY COVERED, and (iii) ACHTEN'S HAS

ORDER ON MOTION FOR PRELIMINARY INJUNCTION - 1

1  YOUR FAMILY COVERED" in connection with building construction and repair services,
2  including roofing contractor services.  Dkt. 3.

### I.  FACTS AND PROCEDURAL HISTORY

#### A. FACTS

Plaintiff Tristate is a building and construction repair company, that offers roofing services, in Washington state.  Dkt. 4 at 2.  Its principle office is located in Tacoma, Washington.  On September 26, 2017, Tristate was granted U.S. Registration No. 5,294,365 for the mark "WE GOT YOU COVERED" ("registered mark") for use in connection with "building construction and repair services, namely, roofing contractor services."  Dkts. 1-1 at 2 and 4-1 at 2.  Tristate first used the registered mark in commerce on March 17, 2014.  *Id.*

In his Declaration in support of the motion, Tristate's President, John Holum, contends that since Tristate's first use of the registered mark, it has used and continues to use the registered mark to advertise its building construction and repair services, including roofing services, "throughout the State of Washington and in commerce, including on its website, in radio and television advertisements, when its employees answer the telephone … , on Facebook . . . and on banners at popular farmers' markets and fairs throughout the Puget Sound area."  Dkt. 4 at 3-4.  He contends that the services provided include to commercial entities and homeowners who often need to employ Tristate's services in an emergency and so do not have time to research providers.  *Id.* at 5.  Mr. Holum asserts that customers in an emergency call the provider that they remember.  *Id.*

Defendant Achten was founded in 2006 and has continually provided residential roofing services in Washington.  Dkt. 13 at 1-2.  According to its founder and former President and Chief Executive Officer, John Achten, since early 2007, it "has continuously used the slogan "OUR

1  FAMILY HAS YOUR FAMILY COVERED' ["slogan"] . . . in conjunction with Achten's
2  services." *Id.* at 2.  Use of the word "family" is a key component to Achten's message to its
3  customers and potential customers.  *Id.*  It uses phrases "We've got you covered" and "Achten's
4  has your family covered" only as part of sentences describing Achten's services.  *Id.*

5  Starting in early 2007, the slogan was used on proposal cover letters, flyers, and post-project
6  thank-you letters.  *Id.* at 3. A 2008 flyer (with the slogan "Our Family Has Your Family
7  Covered") indicates that it "proudly serv[es] all of Western Washington" including Thurston,
8  Lewis, Seattle, Kitsap, Grays Harbor, Clallam/Jefferson, and South King counties.  Dkt. 13 at 7.
9  Achten has also used the slogan on additional mediums, such as "television commercials,
10 billboards, Achten's website, internet advertisements, bid folders, customer invoices, mailed
11 advertisements, coupons and other written marketing materials."  Dkts. 13 at 3.

12 Achten's current President, Justin Shirley, who joined the company in 2017, states that
13 during his time at the company, it has used the slogan in television commercials, billboards, its
14 website, internet advertisements, flyers, bid folders, customer invoices, mailed advertisements,
15 coupons and other written marketing materials.  Dkt. 14 at 3.

16 Both John Achten and Justin Shirley state that the slogan has also been used at a wide range
17 of Washington trade shows and fairs every year.  Dkts. 13 and 14.  They state that those events
18 include the Tacoma Home & Garden Show, Seattle Home & Garden Show, Puyallup Home
19 Show, Tradeshows Northwest, L&L Exhibition Management, Remodeling Expo, Washington
20 State Fair, and Stanwood Camano Fair."  *Id.*  They contend that Tristate has often attended the
21 same events and is familiar with Achten.  *Id.*

22
23
24

ORDER ON MOTION FOR PRELIMINARY INJUNCTION - 3

Both John Achten and Justin Shirley maintain that roofing services can be expensive, so homeowners obtain bids from different companies and share those bid documents with the potential contractors to see if they will match the bid price. Dkts. 13 and 14.

On September 13, 2022, Tristate wrote Achten a cease and desist letter demanding that it stop using the marks "(i) WE'VE GOT YOU COVERED, (ii) OUR FAMILY HAS YOUR FAMILY COVERED, and (iii) ACHTEN'S HAS YOUR FAMILY COVERED." Dkt. 5-5 at 2-3. Achten declined. Dkt. 5-6. Achten's marketing manager, Lisa Vu, contends that it has invested substantial sums into its slogan. Dkt. 15, at 1. Ms. Vu states Achten would incur a minimum of $275,000 in losses if it is forces to cease use of its slogan during the pendency of this case. *Id.*

On October 31, 2022, Tristate filed, with the U.S. Patent and Trademark Office, a "Combined Declaration of Use and Incontestability." Dkt. 5-1. Also on October 31, 2022, Tristate filed this case (Dkt. 1) and its' motion for preliminary injunction (Dkt. 3). Achten responded and opposes the motion. Dkt. 11. Tristate filed a reply (Dkt. 16) and the motion is ripe for decision.

## II.   DISCUSSION

**PRELIMINARY INJUNCTION STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 24 (2008). Rather, a preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, 585 Fed. Appx. 390, 391 (9th Cir. 2014)(*quoting Winter* at 22). Accordingly, "[p]reliminary injunctions are to be issued sparingly." *Wham-O, Inc. v.*

ORDER ON MOTION FOR PRELIMINARY INJUNCTION - 4

*Paramount Pictures Corp.*, 286 F. Supp. 2d 1254, 1259 (N.D. Cal. 2003)(citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Plaintiffs seeking a preliminary injunction must establish one of two tests. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). The first test requires plaintiffs to show: (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018)(citing *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7 (2008) (*internal quotation marks omitted*)). Under the second variant of the 9th Circuit's test for a preliminary injunction, the "sliding scale" version of the *Winter* standard, "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

    1. <u>Success on the Merits or Serious Questions Going to the Merits</u>

To succeed on a trademark infringement clam under 15 U.S.C. § 1114 or on a claim of unfair competition with respect to an unregistered mark under 15 U.S.C. § 1125, a plaintiff must show (a) it has a "protected ownership interest" in the mark and (b) defendant's use of the accused mark "is likely to cause consumer confusion." *Pom Wonderful LLC v. Hubbard,* 775 F.3d 1118, 1124 (9th Cir. 2014).

    a. *Protected Ownership Interest*

Tristate points to its trademark registration and argues that it has a "protected ownership interest" in the mark. "When proving ownership of a trademark, federal registration of the mark

is prima facie evidence that the registrant is the owner of the mark." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219, *as modified*, 97 F.3d 1460 (9th Cir. 1996). A non-registrant, like Achten here, "can rebut this presumption by showing that the registrant [Tristate] had not established valid ownership rights in the mark at the time of registration—in other words, if the non-registrant can show that he used the mark in commerce first, then the registration may be invalidated." *Id.* at 1220. "Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other users." *Hana Fin., Inc. v. Hana Bank,* 574 U.S. 418, 419 (2015).

Achten has shown that since early 2007, it has continuously used the slogan "OUR FAMILY HAS YOUR FAMILY COVERED" in conjunction with Achten's roofing services in Western Washington. Dkt. 13. Tristate first used the registered mark in commerce on March 17, 2014. Dkts. 1-1 at 2 and 4-1 at 2. While Tristate argues that the registered mark is now "incontestable" under 15 U.S.C. § 1115, the statute specifically indicates that several defenses apply to incontestability, including "continuous prior use" of the mark "for the area" and "that the use of the . . . term . . . charged to be an infringement is a use . . . of a term or device which is descriptive of and used failure and in good faith only to describe the goods or services of such party . . ." 15 U.S.C. § 1115(b) (4) and (5).

Based on the current record, Tristate has failed to show that it is likely to succeed on the merits or that there are serious questions going to the merits of its claim that it has a "protected ownership interest" in the registered mark[1] as applied to Defendant's claim for prior, protected use of the attacked phrases in commerce.

---

[1] In its opening brief, Tristate points to common law rights in a mark it purchased from Pro Roofing NW Inc. ("Pro Roofing") after 2020 litigation with Pro Roofing. Dkt. 3. That mark is alleged to have been in use in the fall of 2007 after Achten began using its slogan. *Id.* Tristate appeared to assert that the tacking doctrine applied in its initial motion, but, later in its reply, acknowledges that the doctrine does not apply here. *See Hana Fin. Inc. v. Hana*

ORDER ON MOTION FOR PRELIMINARY INJUNCTION - 6

### b. Likelihood of Consumer Confusion

In assessing the likelihood of confusion here, the court asks "whether consumers doing business with [Achten] might mistakenly believe that they are dealing with [Tristate]." *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 31 F.4th 1228, 1252 (9th Cir. 2022), *cert. denied*, 22-316, 2022 WL 16909195 (U.S. Nov. 14, 2022). To make this determination, the non-exhaustive eight so-called "*Sleekcraft* factors" are evaluated. *Id.* The *Sleekcraft* factors are:

> (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.

"It is the totality of facts in a given case that is dispositive." *Id*.

Tristate has not demonstrated that the registered mark is strong. It has not shown that "we've got you covered" it is not a common phrase; Achten points out that it is used by several roofing companies in the area. Dkt. 15. Further, while the goods (roofing services in the area) are the same, Tristate has not yet shown that its' registered mark "We've got you covered" and Achten's slogan "Our family has your family covered" is sufficiently similar. It is not yet clear that there has been actual confusion. While both companies use common marketing channels, this factor is at best neutral. As to the type of goods and degree of care likely to be exercised by the purchaser, Tristate argues that customers often do not research roofing companies because they often need services in emergencies. Achten contends that roofs are expensive and so customers research contractors and solicit several bids. At best, this factor is neutral. Tristate has not shown that Achten selected the slogan for an improper purpose or that it even knew that others were using a similar phrase. Lastly, Tristate has not made a sufficient showing on the last

---

*Bank,* 735 F.3d 1158, 1165 (9th Cir. 2013) (tacking doctrine only available only when the same trademark user uses different, but essentially the same, marks).

factor, likelihood of expansion of the product lines. Based on the current record, Tristate has not demonstrated that it is likely to succeed on the merits or that there are serious questions going to the merits of the likelihood of consumer confusion here.

### 2. Balance of Hardships

Tristate has not shown that the balance of hardships tip in its favor. Achten has shown that if the relief requested is granted – that it be forced to stop using its slogan, it will incur hundreds of thousands of dollars of expenses in rebranding efforts. Dkt. 15. The balance of hardships tips in Achten's favor.

### 3. Irreparable Harm in the Absence of Preliminary Relief

Tristate has not shown irreparable harm in the absence of preliminary relief. Possible losses to Plaintiff can be measured in dollars.

### 4. Public Interest

Lastly, issuance of a preliminary injunction does not appear to be in the public interest.

### 5. Conclusion

Tristate has not shown that it is likely to succeed on the merits or that there are serious questions going to the merits. It has not demonstrated that the balance of hardships tip in its favor, that it will suffer irreparable harm in the absence of relief or that a preliminary injunction is in the public interest.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff Tristate Roofing Inc.'s Motion for Preliminary Injunction (Dkt. 3) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of December, 2022.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge