UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRISTATE ROOFING INC., a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ACHTEN'S QUALITY ROOFING & CONSTRUCTION, INC., a Washington corporation,<br><br>　　　　　　　　Defendant. | CASE NO. 3:22-cv-05835-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE AND DEFENDANT'S MOTION TO AMEND |

　　This matter comes before the Court on the Plaintiff Tristate Roofing, Inc.'s ("Tristate") Motion to Strike Defendant's Affirmative Defenses (Dkt. 27) and Defendant Achten's Quality Roofing & Construction, Inc.'s ("Achten") Motion for Leave to Amend Answer to First Amended Complaint (Dkt. 30). The Court has reviewed the pleadings filed regarding the motions and the remaining file. It is fully advised.

　　On October 31, 2022, the Plaintiff Tristate filed this federal trademark case in connection with the Defendant Achten's impermissible use of Tristate's mark WE GOT YOU COVERED.

ORDER ON PLAINTIFF'S MOTION TO STRIKE AND DEFENDANT'S MOTION TO AMEND - 1

1  Dkt. 1.  On December 12, 2022, it filed its First Amended Complaint, asserting claims for
2  "federal unfair competition" under 15 U.S.C. § 1125(a), "registered service-mark infringement"
3  pursuant to 15 U.S.C. §§ 1116 and 1117, "mark dilution," and violation of the Washington State
4  Consumer Protection Act, RCW 19.86.020, *et. seq.*  Dkt. 21.  On December 15, 2022, Plaintiff's
5  motion for preliminary injunction was denied.  Dkt. 23.  Defendant Achten filed its Answer to
6  the Amended Complaint on December 23, 2022, in part, asserting various affirmative defenses.
7  Dkt. 24.

8        On January 13, 2023, Tristate filed the instant motion to strike certain of Achten's
9  affirmative defenses arguing that several of these defenses were not really affirmative defenses
10 but redundant denials of the claims' elements for which Tristate has the burden of proof and that
11 other of the affirmative defenses lacked sufficient factual support.  Dkt. 27.  Achten responded
12 and filed a motion to amend its answer and attached a proposed Amended Answer to First
13 Amended Complaint.  Dkt. 30.  In light of the issues presented by the motions, the motion to
14 amend should be considered first and then the motion to strike will be addressed.

15 **DISCUSSION**

16    A.  **MOTION TO AMEND**

17       Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing
18 party's written consent or the court's leave. The court should freely give leave when justice so
19 requires."  A motion to amend under Rule 15(a)(2), "generally shall be denied only upon
20 showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff*
21 *v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).  "Rule
22 15(a)(2) is designed to facilitate a decision on the merits, rather than on the pleadings or
23 technicalities." *Id.*

24

Achten's motion to amend its answer (Dkt. 30) should be granted. There is no showing of bad faith, undue delay, futility or undue prejudice to Tristate. *Chadacoff* at 1152. The proposed amended answer removes the affirmative defenses 1-3, 5, 7, 8, 10-16 and 22, which Achten acknowledges were not affirmative defenses but redundant denials of the claims' elements for which Tristate has the burden of proof. Tristate also eliminated the affirmative defenses of estoppel and acquiescence. This resolves Tristate's concerns regarding those affirmative defenses.

Tristate opposes the proposed amended answer's inclusion of affirmative defenses for failure to state a claim, arguing that it is not procedurally proper to file such a motion under Fed. R. Civ. P. ("Rule") 12(b)(6) after an answer is filed. Tristate fails to acknowledge that Achten is not foreclosed from bringing a motion for a judgment on the pleadings under Rule 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A Rule 12(c) motion uses the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6) and can be filed after the answer is filed. *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Tristate also opposes some of Achten's proposed amendments as futile. The test to determine the futility of a proposed amendment is the same as the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209 (9th Cir. 1988)(*overruled on other grounds*). Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the pleading is construed in the pleader's favor. *See Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

      Tristate argues that Achten's motion to amend its answer to further plead its fraud and unclean hands affirmative defenses should be denied as futile.  It contends that Achten's basis for these affirmative defenses, that Tristate asserted to the U.S. Patent and Trademark Office that it "used and is using the Registered Mark in commerce regulated by Congress," when Tristate "only uses the Registered Mark in Washington and not in interstate commerce," is frivolous because interstate commerce is not required.  Achten properly points out that its defenses of fraud and unclean hands are not limited to just use in a single geographical area.  The proposed amended answer includes other allegations of information Tristate allegedly failed to tell the U.S. Patent and Trademark Office, including that other parties had been using the Registered Mark in commerce.  Achten has adequately plead fraud and unclean hands under Fed. R. Civ. P. 9.  Amendment is not futile and Tristate's contentions that the allegations and claims are frivolous is not well taken.

      Tristate contends that Achten's proposed amendment of its affirmative defense for lack of standing and naked licensing is futile.  Dkt. 36.  The proposed amended answer contends that:

> Tristate lacks standing to assert claims based on the ProRoofing Related Mark, because the alleged assignment of rights from ProRoofing to Tristate is invalid. Tristate has not, in its [First Amended Complaint], adequately pleaded continuity of the products of services associated with the Related Mark, or that it implemented sufficient quality control measures over its alleged licensees' use of the Related Mark.
>
> Tristate abandoned its rights (if any) in the Related Mark by nakedly licensing the Related Mark to ProRoofing. Tristate has not, in its [First Amended Complaint], adequately pleaded that it implemented sufficient quality control measures over its alleged licensees' use of the Related Mark.

Dkt. 30 at 16.  Tristate argues that absent an intent not to resume, continuous use is not relevant to assignment validity or standing.  *Id.*  It argues that Achten did not and cannot plead that Tristate had "an intent not to resume." *Id.*  Tristate further asserts that whether it implemented

ORDER ON PLAINTIFF'S MOTION TO STRIKE AND DEFENDANT'S MOTION TO AMEND - 4

quality control measures is relevant to naked licensing and not relevant to the validity of the assignment or standing. *Id.* It contends that inadequacies in its pleadings do not "transform a valid assignment into an invalid one." *Id.*

Tristate has not shown that the proposed amendment of these claims are futile. These amendments attack the sufficiency of allegations supporting Tristate's claims in the Amended Complaint. A motion on those claims, whether it be a Rule 12(c) motion, summary judgment or some other challenge, is not pending. It is not clear that that amendment is futile or frivolous.

Tristate also argues that proposed amendments regarding the affirmative defense of waiver is futile. Dkt. 36. It argues that waiver is not a recognized defense to infringement but fails to cite any binding authority for its contention. *Id.* For example, it cites *SunAmerica Corp. v. Sun Life Assur. Co. of Canada,* 77 F.3d 1325, 1344 n.7 (11th Cir. 1996), which noted that the "district court's invocation of waiver has no trademark roots." Achten points to other non-binding authority, *AirWair Int'l Ltd. v. Schultz,* 84 F. Supp.3d 943 (N.D. Cal. 2015), which permitted an affirmative defense of waiver in an infringement case. Tristate has not shown that the affirmative defense is unavailable. It also argues that Achten has not alleged sufficient facts to support this defense. Dkt. 36. *AirWair* provides an explanation and the basic elements of this affirmative defense:

> Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it. An implied waiver of rights will be found where there is clear, decisive and unequivocal conduct which indicates a purpose to waive the legal rights involved. Failure to act, without more, is insufficient evidence of a trademark owner's intent to waive its right to claim infringement.

*AirWair* at 957. The proposed amended answer pleads waiver as follows:

> Tristate's claims are barred, in whole or in part, by the doctrine of waiver. Achten's and Tristate are direct competitors in the same geographic area.

>Achten's has widely advertised its services using the Achten's Slogan across Western Washington. Achten's and Tristate have routinely attended the same trade shows and fairs at which Achten's has openly used the Achten's Slogan. Achten's has used the Achten's Slogan on its bid documents, and it is commonly known in the roofing industry that homeowners almost always obtain between three to five bids from different roofing companies, and frequently share the bid documents they receive with other prospective roofing contractors. On information and belief, in the fifteen years since Achten's began using the Achten's Slogan and in the many years before Tristate filed its lawsuit, Tristate saw the Achten's Slogan on Achten's website, bid documents, and/or advertising materials, and/or at trade shows attended by Tristate. Tristate's failure to enforce the Registered Mark against Achten's for such an extended period of time, while encountering the Achten's Slogan on a regular basis, and while asserting the Registered Mark against other competitors (such as ProRoofing in 2017), constituted unequivocal conduct inconsistent with an intent to enforce the Registered Mark against Achten's.

Dkt. 30 at 18.  While these allegations are thin, at this stage, they are sufficient to assert the affirmative defense of waiver.  This proposed amendment is not futile or frivolous.

Achten's motion for leave to file an amended answer (Dkt. 30) should be granted.  As required by Local Rule W.D. Wash. 15, Achten filed a "red line" version of the proposed amended answer.  It should be ordered to file a clean copy by March 3, 2023.

### B.  MOTION TO STRIKE

Tristate's motion to strike (Dkt. 27) should be denied.  The proposed amended answer adequately resolves the issues raised in Tristate's motion.  The contentions in its motion to strike regarding the statute of limitations and the need to strike the affirmative defenses with prejudice are without merit.

### C.  OTHER ISSUES

Parties are encouraged to work together to avoid unnecessary motions.  It appears from the pleadings that all, or at least some, of these issues could have been resolved without Court intervention.

### ORDER

ORDER ON PLAINTIFF'S MOTION TO STRIKE AND DEFENDANT'S MOTION TO AMEND - 6

It is **ORDERED** that:

- Plaintiff Tristate Roofing, Inc.'s Motion to Strike Defendant's Affirmative Defenses (Dkt. 27) **IS DENIED;** and

- Defendant Achten's Quality Roofing & Construction, Inc.'s Motion for Leave to Amend Answer to First Amended Complaint (Dkt. 30) **IS GRANTED**
    - A clean copy of the Amended Answer to First Amended Complaint **SHALL BE FILED** by **March 3, 2023**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of February, 2023.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge