UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRISTATE ROOFING INC., a Washington corporation,<br><br>                  Plaintiff,<br>     v.<br><br>ACHTEN'S QUALITY ROOFING & CONSTRUCTION, INC., a Washington corporation,<br><br>                  Defendant. | CASE NO. 3:22-cv-05835-RJB<br><br>ORDER ON DEFENDANT'S MOTION TO COMPEL |

      This matter comes before the Court on the Defendant Achten's Quality Roofing and Construction, Inc.'s ("Achten") Motion to Compel. Dkt. 45. The Court has considered the pleadings filed regarding the motion and the remaining file.

      On October 31, 2022, the Plaintiff Tristate Roofing Inc. ("Tristate") filed this federal trademark case in connection with the Defendant Achten's alleged impermissible use of Tristate's mark WE GOT YOU COVERED. Dkt. 1. On December 12, 2022, Tristate filed its First Amended Complaint, asserting claims for "federal unfair competition" under 15 U.S.C. §

ORDER ON DEFENDANT'S MOTION TO COMPEL - 1

1125(a), "registered service-mark infringement" pursuant to 15 U.S.C. §§ 1116 and 1117, "mark dilution," and violation of the Washington State Consumer Protection Act, RCW 19.86.020, *et. seq*. Dkt. 21.

On January 18, 2023, Defendant Achten propounded its first set of interrogatories and requests for production. Dkt. 46 at 4-29. On February 20, 2023, Plaintiff Tristate responded. Dkt. 47 at 9-53. On March 8, 2023, Defendant Achten emailed Plaintiff Tristate, detailing discovery not produced and requesting a meeting to confer about it. Dkt. 47. On March 16, 2023, the parties held a teleconference to discuss the outstanding discovery. *Id*. After an exchange of emails regarding proposed protective orders, Defendant set several more emails to the Plaintiff about the outstanding discovery. *Id.* On April 17, 2023, the parties held another conference call to discuss the discovery. *Id.*

On Saturday, April 22, 2023, Plaintiff Tristate mailed a flash drive, with around 4,000 pages of discovery on it, to the Defendant. Dkts. 53 at 4 and 53-3 at 2.

This motion to compel was filed on April 27, 2023. Dkt. 52. After receiving the motion to compel, the Plaintiff contacted the Defendant and asked that it withdraw the motion to compel because it had now sent the documents. *Id.* On May 1, 2023, Defendant Achten received the flash drive by mail. Dkt. 53-3 at 2.

Defendant Achten moves for an order compelling Plaintiff Tristate to fully respond to Achten's January 18, 2023 discovery requests and for an award of attorneys' fees and costs. Dkt. 45. In its May 6, 2023 response, Plaintiff Tristate opposes the motion arguing that it has now responded to the discovery requests and the parties should have met and conferred after the supplemental responses were sent. Dkt. 52. Defendant Achten filed a reply and argues that

ORDER ON DEFENDANT'S MOTION TO COMPEL - 2

some of the discovery is still outstanding.  Dkt. 55.  For the reasons provided, the motion (Dkt. 45) should be granted.

### A. MEET AND CONFER

Fed. R. Civ. P. Rule ("Rule") 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Local Rule for Western District of Washington ("Local Rule") 37(a)(1) additionally provides:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration of affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to made disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. . .

Counsel for both parties met by phone on March 16, 2023 and April 17, 2023 to discuss concerns regarding Plaintiff Tristate's responses to Defendant's discovery requests.  While Plaintiff Tristate argues that the motion to compel should be denied because the parties should have held a third conference after the additional discovery was supplied on May 1, 2023, there is no requirement in the rules that a meet and confer is necessary after the motion is filed.  The parties sufficiently met the requirements of Rule 37(a)(1) and Local Rule 37(a)(1).

### B. STANDARD ON DISCOVERY GENERALLY AND ON MOTION TO COMPEL

ORDER ON DEFENDANT'S MOTION TO COMPEL - 3

Rule 26(b)(1) provides: "[U]nless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). Rule 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents . . . as required under Rule 34."

Defendant Achten's motion to compel (Dkt. 45) should be granted. Plaintiff Tristate should be ordered to supplement its answers to Achten's interrogatories. To the extent that Plaintiff Tristate has documents responsive to Requests for Production 3-9, 11-14, 17, 18 20, 21, 23, 27-32, 42, 43, 46-48 it should be ordered to produce those documents. Pursuant to Rule 34(b)(1)(C), a party requesting documents "may specify the form or forms in which electronically stored information is to be produced." Defendant Achten requested that the documents be produced in "native format in which [they were] stored, with all original metadata intact." Dkt. 46. Accordingly, to the extent that the Plaintiff has documents in its possession responsive to the discovery sought by Defendant, it should be produced in its native format, with original metadata intact (if it has it).

C. ATTORNEY FEES' FOR MOTION

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including

attorneys' fees, incurred in making the motion unless "other circumstances make an award of expenses unjust."

Both Defendant and the Plaintiff move for an award of attorneys' fees.  Dkts. 45 and 52.  Both motions should be denied.  The Plaintiff sent several thousand pages of discovery before the motion was filed.  The motion was filed and then Defendant received the discovery by mail.  Although the discovery was not fully responsive, the parties did not make further efforts to resolve the dispute before seeking court intervention.  Accordingly, under these circumstances, an award of expenses is unjust.

The parties appear to be struggling to work together to complete basic tasks in this case.  They are encouraged to make every effort to resolve issues like the ones raised here professionally and without court intervention.

## ORDER

It is **ORDERED** that:

- Defendant Achten's Quality Roofing and Construction, Inc.'s Motion to Compel (Dkt. 45) **IS GRANTED,** as to the motion to compel, and **DENIED** as to the motion for an award of expenses; and
- Plaintiff Tristate's motion for an award of expenses (Dkt. 52) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of May, 2023.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT'S MOTION TO COMPEL - 5