UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRISTATE ROOFING INC., a Washington corporation,<br><br>                    Plaintiff,<br>       v.<br><br>ACHTEN'S QUALITY ROOFING & CONSTRUCTION, INC., a Washington corporation,<br><br>                    Defendant. | CASE NO. 3:22-cv-05835-RJB<br><br>ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE AND GRANTING EXTENSION OF TIME |

This matter comes before the Court on the Plaintiff's Motion to Compel (Dkt. 59) and Defendant's motion for an extension of time to respond to discovery requests (Dkt. 62). The Court has considered the pleadings filed regarding the motions and the remaining file.

On October 31, 2022, the Plaintiff Tristate Roofing Inc. ("Tristate") filed this federal trademark case in connection with the Defendant Achten Quality Roofing & Construction, Inc.'s ("Achten") alleged impermissible use of Tristate's mark WE GOT YOU COVERED. Dkt. 1. On December 12, 2022, Tristate filed its First Amended Complaint, asserting claims for "federal

unfair competition" under 15 U.S.C. § 1125(a), "registered service-mark infringement" pursuant to 15 U.S.C. §§ 1116 and 1117, "mark dilution," and violation of the Washington State Consumer Protection Act, RCW 19.86.020, *et. seq.* Dkt. 21.

**Prior Motion Regarding Defendant's Discovery**. On January 18, 2023, Defendant Achten propounded its first set of interrogatories and requests for production. Dkt. 46 at 4-29. On February 20, 2023, Plaintiff Tristate responded. Dkt. 47 at 9-53. On March 8, 2023, Defendant Achten emailed Plaintiff Tristate, detailing discovery not produced and requesting a meeting to confer about it. Dkt. 47. On March 16, 2023, the parties held a teleconference to discuss the outstanding discovery. *Id*. After an exchange of emails regarding proposed protective orders, Defendant set several more emails to the Plaintiff about the outstanding discovery. *Id.* On April 17, 2023, the parties held another conference call to discuss the discovery. *Id.*

On Saturday, April 22, 2023, Plaintiff Tristate mailed a flash drive, with around 4,000 pages of discovery on it, to the Defendant; but the documents were not received until May 1, 2023. Dkts. 53 at 4 and 53-3 at 2. Prior to Defendant's receipt of the flash drive, it filed a motion to compel the sought after discovery. Dkt. 45. That motion to compel was granted, in part, and denied, in part. Dkt. 58.

**Current Motion Regarding Plaintiff's Discovery**. As is relevant to the pending motion, on March 27, 2023, the Plaintiff propounded its First Set of Requests for Admission to Defendant, which included 226 requests for admission (Dkts. 60-1), First Set of Interrogatories to Defendant, which included 17 interrogatories (Dkt. 60-2), and First Set of Requests for Production, which contained five requests for production (Dkt. 60-3). On May 1, 2023, Defendant responded, asserted various objections and raised the issues of needing a protective

1  order and more time to supplement their responses. Dkts. 60-4, 60-5, and 60-6. On May 5,

2  2023, the parties held a telephone conference to discuss the Defendant's responses. Dkt. 60-7 at

3  4-5. The parties agreed to a two week extension of time for the Defendants to supplement its

4  responses. Dkt. 60-7 at 2. On May 19, 2023, the parties held another telephone conference at

5  which the Defendant requested additional time (to June 19, 2023) due to the volume of records.

6  Dkt. 60-8. The parties were unable to agree. *Id.*

7  **Pending Motion to Compel and Motion for Extension of Time to Respond**. The

8  Plaintiff filed the motion to compel on May 20, 2023. Dkt. 59. The Defendant responded,

9  opposed the motion, and moved for an extension of time (90 days) to complete its responses to

10 the discovery requests. Dkt. 62. The Defendant points to the volume of the requested discovery

11 and states, for example, that it has identified approximately 555,289 documents that may be

12 responsive to the Plaintiff's discovery requests. *Id.* The Plaintiff has filed a reply (Dkt. 65) and

13 the motion is ripe for consideration.

14                                              **DISCUSSION**

15      **A.  MOTION TO COMPEL - MEET AND CONFER**

16      Fed. R. Civ. P. Rule ("Rule") 37(a)(1), "Motion for Order Compelling Disclosure or

17 Discovery," provides,

18      On notice to other parties and all affected persons, a party may move for an order
         compelling disclosure or discovery. The motion must include a certification that
19      the movant has in good faith conferred or attempted to confer with the person or
         party failing to make disclosure or discovery in an effort to obtain it without court
20      action.

21      Local Rule for Western District of Washington ("Local Rule") 37(a)(1) additionally

22 provides:

23      Any motion for an order compelling disclosure or discovery must include a
         certification, in the motion or in a declaration of affidavit, that the movant has in
24

ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE AND GRANTING EXTENSION OF TIME - 3

good faith conferred or attempted to confer with the person or party failing to made disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. . .

Counsel for both parties met by phone to discuss concerns regarding Defendant's response to the Plaintiff's discovery requests.  Less than a month after they were due, and after the Defendant made multiple requests for an extension of time to respond, the Plaintiff filed this motion.  While the Plaintiff agreed to a short two week extension of time to allow the Defendant to supplement the record, it declined to afford it any further time.  The Plaintiff has failed to demonstrate that it conferred in good faith to resolve the issues before turning to the court for intervention.  Accordingly, the Plaintiff's motion to compel discovery (Dkt. 59) should be denied without prejudice.  The parties are expected to resolve discovery matters between themselves as much as possible.

### B. STANDARD ON DISCOVERY GENERALLY AND ON MOTION TO COMPEL

Rule 26(b)(1) provides: "[U]nless otherwise limited by court order, the scope of discovery is as follows:  parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ."  "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).  Rule 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents . . . as required under Rule 34."

The Plaintiff has failed to show that the Defendant has "failed" to answer the requests for admission, interrogatories or requests for production particularly considering that the Defendant has sent initial responses and indicated that it needs more time to go through 246 requests for admission, 17 interrogatories and over half-million documents that are potentially responsive to the requests for production. Further, a cursory review of the responses indicates that the Defendant has raised several objections. It is not clear that those objections do not have merit. Simply put, this motion is premature.

### C.  PLAINTIFF'S MOTION ATTORNEY FEES' FOR MOTION TO COMPEL

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, incurred in making the motion unless "other circumstances make an award of expenses unjust."

The Plaintiff's motion for attorneys' fees related to the motion to compel should be denied without prejudice. The motion to compel has been denied without prejudice.

### D.  DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO SUPPLEMENT DISCOVERY RESPONSES

Pursuant to Rule 16, the court may extend deadlines for good cause. Further, Rules 36(a)(3) (requests for admission), 33(b)(2) (interrogatories) and 34(b)(2) (requests for production) permit the court to extend the 30-day deadline to respond to these discovery requests.

The Defendant has stated sufficient good cause for a 60-day extension, rather than a 90-day extension, of time to further respond to the Plaintiff's discovery requests. Its motion (Dkt.

62) should be granted, in part. It should be given 60 days from June 6, 2023 (the day its motion was filed) to respond.

### E. OTHER ISSUES

As stated in a prior order, the parties appear to be struggling to work together to complete basic tasks in this case. They are encouraged to make every effort to resolve issues like the ones raised here professionally and without court intervention.

### ORDER

It is **ORDERED** that:

- The Plaintiff's Motion to Compel (Dkt. 59) **IS DENIED WITHOUT PREJUDICE**, and
- The Defendant's motion for an extension of time to respond to discovery requests (Dkt. 62) **IS GRANTED**;
  - The deadline for the Defendant to respond to the Plaintiff's discovery requests **IS EXTENDED** to 60-days from June 6, 2023.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of June, 2023.

ROBERT J. BRYAN
United States District Judge