UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRISTATE ROOFING INC., a Washington corporation, <br><br> Plaintiff, <br> v. <br><br> ACHTEN'S QUALITY ROOFING & CONSTRUCTION, INC., a Washington corporation, <br><br> Defendant. | CASE NO. 3:22-cv-05835-RJB <br><br> ORDER ON MOTION FOR EXTENSION OF DEADLINES AND REGARDING STAY |

This matter comes before the Court on the Defendant Achten's Quality Roofing & Construction, Inc.'s ("Achten") Motion to Extend Discovery Deadline (Dkt. 72) and the parties' responses to the October 23, 2023 order that the parties show cause, if any they had, why this case should not be stayed while certain bankruptcy proceedings were pending (Dkts. 78 and 80). The Court has considered the pleadings filed regarding the motion and order to show cause, and the remaining file.

On October 31, 2022, the Plaintiff Tristate Roofing Inc. ("Tristate") filed this federal trademark case in connection with Defendant Achten's alleged impermissible use of Tristate's mark WE GOT YOU COVERED.  Dkt. 1.  The parties have had difficulty with discovery; Achten received two extensions of time to respond to Plaintiff Tristate's discovery requests.  Dkts. 66 and 71.

On October 5, 2023, Defendant Achten filed the instant motion seeking an additional 60 days to supplement its discovery responses.  Dkt. 72.  Tristate opposed the motion.  Dkt. 74.  Tristate also contend that on September 14, 2023, Achten's owner filed a petition for bankruptcy and that Achten was asserting that the bankruptcy automatically stayed this case.  *Id.*

On October 23, 2023, the Court ordered the parties to show cause, if any they had, why this case should not be stayed while the bankruptcy proceedings are pending, including a copy of the bankruptcy petition with filing information, and, if the petition is in a third party's name, whether the petition covers the corporate Defendant Achten.  Dkt. 76.

Tristate filed a copy of the chapter 13 bankruptcy petition, *In re Achten,* U.S. Bankruptcy Court for the Western District of Washington case number 23-41566-MJH Dkt. 1.  Dkt. 77-2.  This petition is in John Achten's name only.  *Id.*  Tristate argues that the bankruptcy petition does not cover the Defendant Achten here – it only applies to John Achten individually.  Dkt. 78.  It contends that no bankruptcy stay should be entered.  *Id.*

Defendant Achten responds and notes that Achten is no longer in business (Achten's construction license was suspended on August 7, 2023)(Dkt. 81 at 4).  Dkt. 80.  It indicates that the Plaintiff has agreed to narrow the scope of discovery to tax records which have now been produced.  *Id.*  Defendant Achten states that "both parties seek to move this matter into a

1  mediation posture at this time, given the demise of [Achten]." *Id.*  It seeks a stay of this case for
2  at least 120 days and an order extending discovery deadlines.  *Id.*
3        The discovery deadline is November 27, 2023 and the dispositive motions deadline is
4  December 26, 2023.  Dkt. 32.  This case is set to begin a bench trial on March 25, 2024.  *Id.*

## DISCUSSION

### A.  STAY OF CASE DUE TO JOHN ACHTEN'S BANKRUPCY

      Pursuant to 11 U.S.C. § 362(a), the bankruptcy petition operates as an automatic stay, applicable to all entities, of "the commencement or continuation, including the issuance or employment of process of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title or to recover a claim against the debtor that arose before the commencement of the case...."

      The automatic stay of section 362(a) protects only the debtor, property of the debtor, or property of the estate. *See, e.g., In re Casgul of Nevada, Inc.,* 22 B.R. 65, 66 (9th Cir. BAP 1982).  It does not protect non-debtor parties or their property. *See, e.g., Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121-22 (4th Cir.1988); *Casgul of Nevada,* 22 B.R. at 66. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor. *See, e.g., Ingersoll-Rand Financial Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1427 (9th Cir.1987) (guarantors); *In re Lockard,* 884 F.2d 1171 (9th Cir.1989) (automatic stay did not prevent an action against a surety on a contractor's bond); *see also* 2 *Collier on Bankruptcy,* ¶ 362.02[1] at 362-28-29 (15th ed. 1990).

      John Achten's bankruptcy should not stay this case.  Defendant Achten is not listed as the debtor, and there is no showing that Defendant Achten is "property" of debtor John Achten, or of

his bankruptcy estate. *In re Casgul of Nevada* at 66. John Achten is not a defendant in this case. No stay pursuant to section 362(a) should issue.

### B. DEFENDANT ACHTEN'S MOTION TO EXTEND DISCOVERY DEADLINE

Defendant Achten indicates in its response to the order to show cause that the parties have now agreed to limit discovery to tax returns which have now been provided. Dkt. 80. Accordingly, its October 5, 2023 motion seeking an additional 60 days to supplement its discovery responses (Dkt. 72) should be denied as moot.

### C. MOTION TO STAY DEADLINES PENDING MEDIATION

Defendant Achten moves to stay all case deadlines for at least 120 days so that the parties can participate in mediation. Dkt. 80.

This motion (Dkt. 80) should be denied without prejudice. The motion was filed in response to the order to show cause. Plaintiff Tristate has not had an opportunity to respond. While it appears from the pleadings that the parties may be close to resolution of this case, it is not yet clear that a stay is warranted.

### ORDER

It is **ORDERED** that:

- This case **IS NOT** stayed due to John Achten's bankruptcy;
- Defendant Achten's Motion to Extend Discovery Deadline (Dkt. 72) **IS DENIED AS MOOT;** and
- Defendant Achten's motion to stay all case deadlines for at least 120 days (Dkt. 80) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of November, 2023.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR EXTENSION OF DEADLINES AND REGARDING STAY - 5